Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and the putative class.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

**MIGUEL RIOS,** *Individually*
*and on behalf of others similarly situated,*

                              **Plaintiff**

v.                                       **COMPLAINT**
                                         **Index No.**

                                         **COLLECTIVE ACTION UNDER**
                                         **29 USC § 216(b)**

                                         **JURY TRIAL DEMANDED**

**GASTRO BAR & RESTAURANT CORP.**
**c/o TRYP HOTEL, TRYP HOTELS WORLDWIDE,**
**INC. d/b/a TRYP HOTEL NYC and JOHN SHARMA,**

                              **Defendants.**
------------------------------------------------------------------x

1.     Plaintiff Miguel Rios ("Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.     This Action on behalf of Plaintiff, individually and on behalf of other similarly situated employees of Plaintiffs, and the proposed collective, were or are employed as food service workers (i.e. servers, and bartenders) by Gastro Bar & Restaurant Corp. c/o Tryp Hotel ("Gastro Bar"), Tryp Hotels Worldwide Inc. d/b/a Tryp Hotel NYC ("Tryp") and John Sharma ("Sharma") (collectively "Defendants").

2.      Plaintiff seeks the recovery of unpaid wages and related damages for unpaid minimum wage, and misappropriated tips while employed by Defendants. Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3.      Defendants have failed to compensate their food service workers at the federal and state minimum wage, and unlawfully misappropriated a portion of their tips.

4.      Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, return of the tip credit (i.e. the difference between the full applicable minimum wage and the hourly wage Defendants actually paid to their food service workers), return of the misappropriated tips, return of unpaid wages, liquidated damages, interest, and attorneys' fees and costs as permitted in accordance with the FLSA and NYLL.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

7. Plaintiff Rios, a resident of New Jersey, was employed by Defendants from April 2015 through July 10, 2019. Plaintiff was employed as a bartender and server for Defendants.

8. Plaintiffs' consent to sue form is attached as Exhibit "A."

9. Defendant Gastro Bar is a New York limited liability company that owns and operates Gastro Bar, a bar/restaurant located at the Tryp Hotel at 345 West 35th Street, New York, New York 10001.

10. Defendant Tryp is a New York limited liability company that owns and operates Tryp Hotel NYC, a hotel at 345 West 35th Street, New York, New York 10001.

11. Defendant Sharma is an owner and operator of Gastro Bar, and has been an active manager with authority to control the pay practices and employment policies.

12. Upon information and belief, Defendants jointly and individually have an annual gross volume of sales in excess of $500,000.00.

13. At all relevant times, corporate Defendants have been and continue to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

14. All Defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 USC § 216(b), on behalf of all similarly situated non-exempt employees who were employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay the lawful minimum wage to all employees. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants and via email.

## FACTUAL ALLEGATIONS

18. Defendants committed the following alleged acts knowingly, willfully and intentionally.

19. Defendants violated the New York State's Wage Theft Prevention Act because it failed to provide Plaintiff with a written notice of his rate of pay and failed to keep proper payroll records as required under New York law.

20. Defendants further violated the New York Wage Theft Prevention Act because it failed to provide Plaintiff with pay stubs (or wage statements) that contained all of the required information and/or accurate information.

21. The FLSA and NYLL allow employers of "food service workers" to pay their tipped employees at a rate below the normal federal and state minimum wages by applying a tip credit towards certain eligible employees' wages.

22. The FLSA and the NYLL provide that in order to be eligible for this tip credit, employers of tipped employees must inform food service workers about their intention to apply the tip credit towards the employees' wages and also must allow employees to keep all of the tips that they receive.

23. Managers and other non-service employees are prohibited from sharing in the tips received by the "food service workers."

24. The FLSA and NYLL permit employees to participate in a tip pool where tipped employees combine all of their tips together and then redistribute them amongst themselves.

25. Plaintiff was paid a base salary of $6.00 per hour in 2015; $7.50 per hour in 2016 and 2017; $8.00 in 2018 through the end of May 2019; and, $9.00 per hour starting in June 2019 through the end of his employment.

26. Prior to December 7, 2018, Plaintiff kept his own tips and did not have to pool them with anyone else.

27. Since December 7, 2018, Defendants required the food service workers to share a percentage of their tips with the dishwasher, chef, and with supervisors.

28. John Sharma notified employees in writing that the "bartender or server out of 18% will receive 15%" "Gastro will receive 3% out of this amount" and "out of this 3% amount $50.00 will go towards each dishwasher" and "out of this 3% $50.00 will be given to the supervisor" and "remaining leftover pls give to Chef."

5

29. The Gastro Pub manager Rani tried to have Plaintiff sign the email notice.

30. By mandating the participation of dishwashers, chef and supervisors in the tip pool, Defendants have violated both the FLSA and NYLL.

31. On or around January 30, 2019, management notified bartenders that "any ticket we receive due to dirty bar or [R]at shit or roaches will be passed on to the BARTENDER & will be deducted from his salary."

32. Sharma hired Plaintiff and set his rate of pay.

33. Throughout Plaintiff's employment, he also worked banquets in the Tryp Hotel that lasted several hours.

34. While working these banquets, Plaintiff was paid his tipped minimum wage by Gastro Pub, but did not receive tips for working the events.

35. The banquet contracts stated that a "21% service charge … will be applied" to all food and beverage items; however there was no language in the contract stating that the service charge was not a gratuity or tip.

36. As a result, the service charges should be distributed as tips to the employees who worked the banquets.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act-Minimum Wage Violations Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

37. Plaintiff individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

38. The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff and the FLSA Collective Plaintiffs.

39. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

40. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

### SECOND CAUSE OF ACTION
### New York Labor Law-Minimum Wage Violations

41. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiffs.

43. Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

44. Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

45. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### THIRD CAUSE OF ACTION
### New York Labor Law- Unlawful Tip Deductions

7

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. NYLL § 196-d prohibits employers or their agents from demanding or accepting directly or indirectly any part of the gratuities received by an employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

48. Defendants unlawfully retained tips from Plaintiff and unlawfully redistributed his tips to non-tip eligible employees.

49. Defendants unlawfully retained banquet service charge fees that should have been distributed to Plaintiff.

50. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid tips, reasonable attorneys' fees, liquidated damages, and pre-judgment interest and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

53. Defendants failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

54. Defendants' failure to make, keep and preserve accurate records was willful.

55. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

### **PRAYER FOR RELIEF**

56. WHEREFORE, Plaintiff, individually and on behalf of the putative class prays for relief as follows:

   a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

   b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

   c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

   d. Designation of Plaintiff as representative plaintiffs of the FLSA Collective Plaintiffs;

   e. Penalties available under applicable laws;

   f. Costs of the action incurred herein, including expert fees;

   g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

   h. Pre-judgment and post-judgment interest, as provided by law; and

    i. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right.

Dated: New York, New York  
July 31, 2019

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack  
39 Broadway, Suite 1530  
New York, NY 10006  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiff and the putative class.*

## **CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Gastro Bar and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_____        07/30/19        MIGUEL RIOS
Signature                     Date            Printed Name