USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/30/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIGUEL RIOS, Individually and on
behalf of others similarly situated,
                     Plaintiff,

-against-

GASTRO BAR & RESTAURANT
CORP. c/o TRYP HOTEL, EROS
MANAGEMENT AND REALTY, LLC
d/b/a TRYP HOTEL NYC and JOHN
SHARMA,
                     Defendants.
------------------------------------------------------------X

Case: 19-cv-07146-PAE (KNF)

**STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION**

The following provisions shall govern the exchange of confidential information in this matter:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition or subpoena response from a third party, as confidential if counsel determines, in good faith, that such designation is sensitive commercial data, such as confidential or proprietary research, development or commercial or business information, customer lists, financial data, or employment records of non-parties.. Information and documents designed as confidential are to be stamped "CONFIDENTIAL," except the documents disclosed by a third party may be designated confidential by letter from counsel. "Confidential" information or documents may be referred to connectively as "Confidential Information."

2. Unless ordered by the Court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned Action.

3. In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

4. Information or documents designated as "Confidential" shall not be disclosed to any person except:

    a. The requesting party and counsel, including in-house counsel;

1 

b. Employees of such counsel assigned to and necessary to assist in the litigation; and

c. Any named parties in this action.

d. The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

e. Subject to the condition set forth in Paragraph 6 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

f. Subject to the condition set forth in Paragraph 6 below: any person from who testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

5. Prior to disclosing or displaying Confidential Information to any person, counsel shall:

a. inform the person of the confidential nature of the information or documents;

b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(e) and (f) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the Confidential Information shall not be displayed to or discussed with that person.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than five (5) days after that close of discovery or five (5) days after the production of the document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order.

8. Before submitting to the Court any Confidential Information, the party seeking to submit such Confidential Information shall, unless agreed upon with the other party, either (i) submit the Confidential Information in redacted form, redacting or removing the portions designated "Confidential" from the papers, or, alternatively; (ii) provide not less than seven (7) day advance written notice to the party designating the information as "Confidential," thereby allowing the designating party to seek the appropriate relief.

2

9. Within thirty days of the final termination of this Action, counsel for the party in receipt of Confidential Information shall deliver to counsel for the designating party or destroy all Confidential Information in the possession of the receiving party, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential. If the receiving party within 30 days of the termination of this Action destroys the Confidential Information, the receiving party shall certify in writing to the designating party that it has done so within thirty days of the final termination of this Action.

The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Court.

Dated: Carle Place, New York
December 13, 2019

THE SCHER LAW FIRM, LLP
*Attorneys for Defendants*

Austin R. Graff, Esq.
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 746-5040
SO ORDERED, 12/26/19

Kevin Nathaniel Fox
Hon. Kevin Nathaniel Fox, U.S.M.J.

Dated: New York, New York
December 12, 2019

The Klein Law Group P.C.
*Attorneys for the Plaintiff, Miguel Rios*

Darren P.B. Rumack, Esq.
39 Broadway, Suite 1530
New York, New York 10006
Phone: 212-344-9022

3

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter *Rios, et al. v. Gastro Bar & Restaurant Corp. c/o TRYP Hotel, et al.*, Docket Number 19-cv-7146 have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____   Dated:

Signed in the presence of:

_____
(Attorney)

H:\Sharma, John\Miguel Rios v. Gastro Bar & Restaurant Corp, et al\Confidentiality Stip and Order\Stipulation of Confidentiality_revsd.docx